

# THE ATTORNEY GENERAL
## OF TEXAS

April 7, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Joe Lucas                    Opinion No.  JM-1038
El Paso County Attorney
Room 201, City-County Building         Re:   Whether a third party
El Paso, Texas  79901                  administrator of an insur-
                                       ance contract is a "profes-
                                       sional" for purposes of
                                       exemption from competitive
                                       bidding (RQ-1552)

Dear Mr. Lucas:

    You ask whether the services of a "third party adminis-
trator" (TPA) are "professional services" within the meaning
of Local Government Code, section 252.022(a)(4).  That
provision provides that the requirement of chapter 252 that
contracts by municipalities requiring expenditures in
certain amounts be made on competitive bids, does not apply
to an expenditure for "a procurement for personal or profes-
sional services."  Having researched your question, we
conclude that whether the services of a TPA are professional
services under chapter 252 depends on the particular
services which a municipality contracts with a TPA to
perform, and that your question is thus a question of fact.
We are unable in the opinion process to determine questions
of fact.

    As pointed out in the brief accompanying your request,
TPA's are required by Texas law to obtain and maintain a
"certificate of authority" issued by the commissioner of in-
surance in order to operate in Texas.  Section 2(3)(A) of
Insurance Code article 21.07-5 provides:

        'Administrator' or 'third party admini-
    strator' or 'TPA' means a person who receives
    any form of administrative or service fee,
    consideration, payment, premium, reimburse-
    ment, or compensation for performing or
    providing any service, function, or duty, or
    activity respecting insurance or alternatives
    to insurance in any administrative or
    management capacity, including but not
    limited to claims or expense review,
    underwriting, administration, and management,
    under a contract or other agreement to be

> performed in this state or with respect to
> risks located or partially located in this
> state or on behalf of persons in this state
> for:
>
> (i)   any plan;
>
> (ii)  any insurance carrier; or
>
> (iii) any person that self insures.

Clearly, the definition of a TPA as a person "performing _any_ service, function, or duty, or activity respecting insurance or alternatives to insurance in _any_ administrative or management capacity" (emphasis added) is very broad, and could include services ranging from simple clerical ones to complex ones requiring high levels of expertise.

In Attorney General Opinion JM-940 (1988) we noted with respect to the scope of the term "professional services" in a competitive bidding requirement exception:

> The courts have not adopted a universal definition of the term; however, several cases suggest that it comprehends labor and skill that is 'predominately mental or intellectual, rather than physical or, manual.' <u>Maryland Casualty Co. v. Crazy Water Co.</u>, 160 S.W.2d 102 (Tex. Civ. App. - Eastland 1942, no writ). It no longer includes only the services of lawyers, physicians, or theologians, but also those members of disciplines requiring special knowledge or attainment and a high order of learning, skill, and intelligence. <u>See</u> Attorney General Opinion MW-344 (1981); Black's Law Dictionary 1089-90 (5th ed. 1979)(definition of 'profession').

Attorney General Opinion JM-940 concluded that the services of a construction management consultant, as described in the request, were within the "professional services" exception to the competitive bidding requirements of Education Code section 21.901, relating to contracts for the construction, maintenance, repair, or renovation of school buildings.

A brief submitted in connection with your request points to <u>Council of City of New Orleans v. Morial</u>, 390 So. 2d 1361 (La. Ct. App. 1980), as "the only case directly on point." That case held that the services of a TPA in connection with the city's health plan were not "professional services" under an exception to the city charter's competitive bidding requirements. Notably, however, the

Louisiana court considered in its opinion the specific terms of the contract between the city and the TPA for the latter's services.

In addition to Insurance Code article 21.07-5, we find one other reference to TPA's in the Texas statutes. Article 6252-3b, V.T.C.S., authorizes the establishment of deferred compensation plans for public employees, and requires the solicitation of bids prior to the adoption of a particular plan. Section 3B(b) of that article directs the comptroller, when soliciting bids for plans authorized under section 401(K) of the Internal Revenue Code, to "consider bids from companies requiring the use of their own agents to sell their products as well as companies selling their products through a third party administrator or otherwise" (emphasis added). There is no professional services exception provided for in article 6252-3b to the competitive bidding requirements of that article an indication, we think, that the legislature considered that public contracts involving the services of TPA's, at least in connection with the deferred compensation plans authorized by article 6252-3b, could efficiently and economically be subjected to competitive bidding requirements.[1]

To reiterate, however, we cannot rule whether the services of TPA's generally are "professional services" under the competitive bidding requirement exception in Local Government Code section 252.022(a)(4). Again, we think the characterization of such services as professional or not

---

1. See, e.g., Gulf Bithulithic Co. v. Nueces Co., 11 S.W.2d 305 (Tex. Comm'n App. 1928, judgm't adopted), considering applicability of competitive bidding requirements to a county contract for supervision of county road construction:

> To hold that contracts for the supervision of work done directly by the county must be let to the lowest bidder would result in the county obtaining the least competent supervision, as those possessing the necessary skill, experience, and business judgment to supervise a large construction program in the most efficient and economical manner could not hope to sucessfully compete with those of lesser skill, experience, or business judgment.

depends in the first instance on the specific TPA services to be provided under a specific contract.[2]

### S U M M A R Y

Whether the services of a third party administrator are professional services within the meaning of the competitive bidding requirement exception in section 252.022(a)(4) of the Local Government Code is a question of fact, and depends on the particular services to be provided under a specific contract.

Very truly yours,

*Jim Mattox*

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General

---

2.   Please note, however, that the ruling in Attorney General Opinion MW-494 (1982) indicates that a contract for the purchase of insurance would be subject to the competitive bidding requirements. While specifically not addressing whether the "employment of an insurance consultant would be within the exception for personal or professional services," that opinion concluded that "contracts for the purchase of insurance by counties are required . . . to be submitted to competitive bids." While Attorney General Opinion MW-494 considered the applicability of the competitive bidding requirements of former article 2368a, V.T.C.S., to insurance purchases by counties, we see no reason why the same conclusion would not be reached with respect to insurance purchases by municipalities under the current chapter 252 competitive bidding requirements.

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General